UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| JACKIE LEE BROWN, | ) |
| Plaintiff, | ) |
| | ) No. **2 09 0030** |
| v. | ) (No. 2:08mc0011) |
| | ) Judge Echols |
| SHERIFF W.B. MELTON, ET AL., | ) |
| Defendants. | ) |

## MEMORANDUM

The plaintiff, proceeding *pro se* and *in forma pauperis*, was a prisoner in the Overton County Justice Center, in Livingston, Tennessee at the time he brought this action.[1] The plaintiff seeks relief under 42 U.S.C. § 1983 against the following defendants: W.B. Melton, Sheriff of Overton County, and Sergeant Mike Kruger, a corrections officer at the Overton County Justice Center. The plaintiff seeks money damages and injunctive relief.

The complaint pertains to the alleged events of August 3, 2008 during which the plaintiff asserts that he was held overnight in overcrowded and unsanitary conditions.[2] (Docket Entry No. 1, ¶ IV, p. 5) Owing to its brevity, the statement of facts is quoted below in its entirety:

---

[1] Anthony George Loggins also is named in the body of the complaint as a plaintiff to this action. (Docket Entry No. 1, ¶ II A.2, p. 4) However, Loggins is not listed as a party in the style of the case, he did not sign the complaint, and he did not submit an application to proceed *in forma pauperis*. Accordingly, the Court concludes that Loggins is not a plaintiff in this case.

[2] In a letter to the district court dated November 13, 2008, the plaintiff alleges several instances in which he was denied proper medical attention while incarcerated in the Overton County Justice Center. (Docket Entry No. 3) However, in that letter, the plaintiff writes: "I would also like to add I have filed a suit already with your humble court about being locked in a holding cell with seven other inmates." (Docket Entry No. 3, p. 5) The Court concludes from this that the plaintiff did not intend to amend his original complaint to include his medical claims, that his medical claims are the subject of another lawsuit, and that the only claims presently before the Court in this action are those pertaining to the alleged conditions of his confinement on the night of August 3, 2008.

> On 8-3-08 we was in cell 217 which was next door to mine. We was discussing what to do to improve the horr[i]ble conditions of mental abuse we endure as inmates When David Eldridge said "Anyone out of their cells are going to med-watch[,]["] 6 went out. He then told us to go to the 107 door to stand. I and Loggins were the only ones that came down Loggins and I were put in med-watch. Then later 3 others was brought in, then 3 more were brought in to sleep and stay in a small one man cell overnight. We were so packed in we had to urinate in a gallon jug. There was no room to move about. Then they moved 4 out to 411 in booking and kept 4 of us in med-watch. I was in med-watch. This cell in med-watch is a one man cell just as the 411 cell in booking. We did not have enough room to sleep comfortably. One even had to sleep under the toilet. I might also add there was bloody rags in the sink all night long.

(Docket Entry No. 1, ¶ IV, p 5)

Because the plaintiff brought this action while he was incarcerated, the action remains subject to the Prison Litigation Reform Act (PLRA). *See Cox v Mayer*, 332 F.3d 422 (6th Cir. 2003) Under the PLRA, a prisoner is required to exhaust all available administrative remedies before filing a § 1983 action in district court *See* 42 U.S.C. § 1997e(a); *see Booth v. Churner*, 532 U.S. 731, 733 (2001) The exhaustion requirement of § 1997e(a) is mandatory, and prisoners must exhaust grievance procedures before filing suit in federal court. *See Booth*, 532 U.S. at 734

The plaintiff states affirmatively in his complaint that he did not file a grievance in the alleged matter that gave rise to this action. (Docket Entry No 1, ¶ II.I, p. 3) The plaintiff explains why as follows: "I felt it would do no good This place makes [a] regular habit of punishing people in overcrowded one person cells." (Docket Entry No. 1, ¶ II.L, p. 3).

It is clear from the complaint that the plaintiff did not exhaust his administrative remedies prior to bringing this action in district court. Nor does it matter that he is no longer incarcerated, and cannot now avail himself to the institutional grievance procedure. *See Cox*, 332 F.3d at 424 (no

futility exception – a prisoner who did not exhaust his administrative remedies, but now is no longer in custody, still must exhaust his administrative remedies).

Under normal circumstances, the plaintiff's complaint would be dismissed without prejudice at this juncture for failure to exhaust. However, where a claim satisfies the provisions of 42 U.S.C. § 1915(e)(2), it may be dismissed on the merits without requiring exhaustion if the claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 42 U.S.C. § 1997e(c)(2). Although the courts are required to construe *pro se* complaints liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), as shown below, the complaint fails to state a claim on which relief may be granted.

To state a claim under § 1983, the plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The plaintiff names Sheriff Melton and Sgt. Kruger as the only defendants to this action. However, he does not mention either of the defendants anywhere in the statement of the facts, nor is the Court able to liberally construe from the complaint what the plaintiff's theory of liability is as to the defendants. Because the plaintiff has not alleged and/or shown what Sheriff Melton and Sgt. Kruger did, or did not do, to violate his rights under the Constitution or laws of the United States, the plaintiff has failed to satisfy the first part of the two-part test under *Parratt*. Because the

3

plaintiff has failed to make a *prima facie* showing under § 1983, his complaint will be dismissed for failure to state a claim on which relief may be granted

An appropriate Order will be entered.

                                                                                  _____
                                                                                  Robert L. Echols
                                                                                  United States District Judge